## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JUDICIAL WATCH, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 1:19-CV-03790 (BJH) |
| v. | ) | |
| | ) | |
| ADAM B. SCHIFF, *et* al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### Opposition to Defendants' Motion to Dismiss

Plaintiff Judicial Watch, Inc. ("Judicial Watch"), by counsel, respectfully submits this

opposition to Defendants' motion to dismiss as follows:[1]

### Memorandum of Points and Authorities

**I.      Introduction.**

In September 2019, Congressman Adam Schiff, Chairman of the House Permanent Select

Committee on Intelligence, issued subpoenas to various telecommunications providers for

telephone records of certain private citizens.  Ultimately, Congressman Schiff obtained and

released publicly select telephone call records of ranking Intelligence Committee Republican

Devin Nunes, President Donald J. Trump attorneys Rudy Giuliani and Jay Sekulow, journalist

John Solomon, the White House, and others.  Congressman Schiff's use of his subpoena power

in this way has been described as an unprecedented use of government surveillance power for

allegedly partisan purposes.  The subpoenas also raise important questions regarding possible

violation of the attorney-client privilege of the President, the First Amendment rights of a

---

[1]      Pursuant to Local Rule 7(f), Judicial Watch respectfully requests an oral hearing.

journalist, and a purportedly unbounded power by Congress to monitor the telephone calls of any citizen.

In order to shed light on these questions, Plaintiff invoked the common-law right of public access to examine government records. *Washington Legal Found. v. U.S. Sentencing Comm'n* ("*WLF*"), 89 F.3d 897 (D.C. Cir. 1996) (affirming the public's fundamental interest under common law in "keeping a watchful eye" on government); *SEC v. Am. Int'l Group*, 712 F.3d 1, 3 (same); *Schwartz v. United States DOJ*, 435 F. Supp. 1203 (D.D.C. 1977) ("The historic common law right to inspect and copy public records is recognized in this jurisdiction"). This presumptive right of access extends to the records of all three branches of government, including the legislative branch. *WLF* at 903-04.

## II.    Procedural History.

On December 6, 2019, Plaintiff submitted a request to Defendants for copies of the following:

> **1.    All subpoenas issued by the House Permanent Select Committee on Intelligence on or about September 30, 2019 to any telecommunications provider including, but not limited to AT&T, Inc., for records of telephone calls of any individuals;**
>
> **2.    All responses received to the above-referenced subpoenas.[2]**

As alleged in Plaintiff's complaint, the release of these records is of critical public importance as the subpoenas were issued without any lawful basis and violated the constitutional rights of numerous private citizens.

After Defendants' failed to respond to Plaintiff's request, this lawsuit commenced.

---

[2]    By also seeking the responses of the subpoena recipients, Plaintiff does not seek to and will not further expose the call records of private individuals.  Instead, Plaintiff seeks to understand whether any subpoena recipient objected and the full scope of the records already in possession of Defendants.

###    III.    Standard of Review.

In deciding a motion under FRCP 12(b)(6), the Court must consider the whole complaint, accepting all factual allegations as true, even if the facts are in doubt. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007); *see also, e.g., Marshall's Locksmith Serv. Inc. v. Google, LLC*, 925 F.3d 1263, 1265 (D.C. Cir. 2019). The same is true for deciding motions under 12(b)(1) for lack of subject-matter jurisdiction. *Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011).

###    IV.    Defendants' Motion to Dismiss Should Be Denied.

####       A.  Sovereign Immunity is not a bar to this lawsuit.

Defendants' initial argument is that this lawsuit is precluded by sovereign immunity. Defs' Mem. at 4. This claim fails as Plaintiff's complaint specifically seeks mandamus relief under 28 U.S.C. § 1361. *See* Compl. at ¶1 and at 4. In *WLF*, the D.C. Circuit affirmed that "[i]f a plaintiff seeks a writ of mandamus to force a public official to perform a duty imposed upon him in his official capacity," "no separate waiver of sovereign immunity is needed." *WLF*, 89 F.3d at 901 (citing *Chamber of Commerce v. Reich*, 74 F.3d 1322, 1329 (D.C. Cir. 1996). As the U.S. Supreme Court has observed:

> There may be, of course, suits for specific relief against officers of the sovereign which are not suits against the sovereign . . . . Where the officer's powers are limited by statute, his actions beyond those limitations are considered individual and not sovereign actions. The officer is not doing the business which the sovereign has empowered him to do or he is doing it in a way which the sovereign has forbidden. His actions are *ultra vires* his authority and therefore may be made the object of specific relief.

*Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682, 689 (1949); *see also Dugan v. Rank*, 372 U.S. 609, 621-22 (1963)). Because the "question of jurisdiction merges with the question on the merits" (*WLF* at 902), sovereign immunity does not prevent this case from moving forward.

**B.  The Speech or Debate Clause is not implicated.**

Defendants' second jurisdictional argument regarding Speech or Debate Clause immunity similarly misses the mark.  Defs' Mem. at 5-11.  While Defendants recite numerous cases regarding the nature of the Speech or Debate Clause, <u>none</u> directly address the question of whether the requested records here – subpoenas in the course of an impeachment proceeding – are protected from disclosure or whether a requester may sue to gain access to public records. This case is not about whether Defendants can be held responsible for their actions in the issuance of the subpoenas and whether the Speech or Debate Clause can be invoked as a defense. This case is only about the disclosure of public records.  The records concern a formal legal command – a subpoena – to third parties to produce information during the course of an impeachment.  Because the nature of the records is at issue, the jurisdictional issue again "merges" with the merits as it did in *WLF*.  *WLF* at 902.

Furthermore, as the subpoenas were issued during an impeachment proceeding, they are outside the realm of legislative activity protected by the Speech or Debate Clause.  *Gravel v. United States*, 408 U.S. 606, 620 (1972) (affirming that the Court had "not hesitated to sustain the right of private individual when it found Congress was acting outside its legislative role.") This Court in particular has examined in great detail the question of whether impeachment is legislative or judicial in nature.  *In re Application of the Comm. on the Judiciary, U.S. House of Representatives*, Grand Jury Action No. 19-48 (BAH), 2019 US LEXIS 184857 (D.D.C. 2019). And this question currently is before the U.S. Supreme Court following a split panel decision from the D.C. Circuit.  *Trump v. Mazars United States*, 940 F.3d 710, 748 (D.C. Cir. 2019) ("The majority breaks new ground when it determines Congress is investigating allegations of illegal conduct against the President, yet nonetheless upholds the subpoena as part of the

*legislative power.*") (Rao, J., dissenting) (emphasis in original) (*cert. granted*, 140 S. Ct. 660 (U.S. Dec. 13, 2019)).

The outcome of the pending U.S. Supreme Court case will likely impact the question of whether impeachment is a legislative activity and whether Speech or Debate Clause protection applies.  If the Court needs to resolve this question – and Plaintiff does not believe it does – Plaintiff respectfully suggests that this issue be held in abeyance pending an outcome in that case.

### C. Plaintiff has more than adequately stated a claim for access to the requested records.

Under the federal common law right of access, Plaintiff has more than adequately alleged that the requested records are public records subject to disclosure.

*First*, contrary to Defendants' claim, the Freedom of Information Act (5 U.S.C. §552(a) *et seq.*) does not preempt the federal common law right of access.  Defs' Mem. at 11.  FOIA only applies to federal agencies.  The statute nowhere mentions Congress or its records, and Defendants do not claim otherwise.  Both *WLF* and *SEC v. Am. Int'l Group*, 712 F.3d 1 (D.C. Cir. 2012), which were decided after FOIA's enactment in 1966, plainly confirm that the common law right of action remains viable.

*Second*, the requested records are "public records."  As set forth in *WLF*, under "federal common law," a public record is a "government document created and kept for the purpose of memorializing or recording an official action, decision, statement, or other matter of legal significance, broadly conceived."  89 F.3d 897, 905.  Accordingly to *WLF*, this "definition adequately protects the public's interest in keeping 'a watchful eye on the workings of public agencies,' *Nixon*, 435 U.S. at 598--an interest we regard as 'fundamental to a democratic state,' *Mitchell*, 551 F.2d at 1258--and is yet narrow enough to avoid the necessity for judicial

application of the second-step balancing test to documents that are preliminary, advisory, or, for

one reason or another, do not eventuate in any official action or decision being taken." *Id.*

Here, Plaintiff is not seeking drafts of documents, notes of investigators, or memoranda

advising any particular course of action.  Plaintiff seeks copies of official records -- subpoenas

that were served on telecommunications companies and the responses.  If anything, the requested

subpoenas are most comparable to court documents that frequently are available under the

federal common law right of access.  *CNN, Inc. v. FBI*, 384 F. Supp. 3d 20, 41(D.D.C. 2019);

*WLF* at 902.  Moreover, after relying in part on the responses to the subpoenas, Defendants

cannot maintain that the records did not "eventuate in any official action or decision being

taken." *WLF* at 905.

*Third*, Plaintiff has more than adequately alleged, for the purpose of defeating a motion to

dismiss, that release of the requested records is in the public interest.  Instead of the selective,

self-serving information released publicly by Defendants, the public has a significant interest in

fully understanding the unprecedented actions taken by Defendants in subpoenaing

telecommunications companies, without any court supervision, and releasing records of the

President's personal attorneys, a journalist, and even a fellow member of Congress.  The public

discussion and concern regarding these extraordinary actions is manifest and easily

demonstrable.  *See* Exhibit 1 ("Former AG Says Schiff May Have Broken The Law With

Subpoena Of Nunes Phone Records," THE UNION JOURNAL (Dec. 17, 2019); Exhibit 2

("Republicans angry and concerned about Schiff release of phone records," WASHINGTON

EXAMINER (Dec. 4, 2019); Exhibit 3 ("Schiff's Subpoenas Reveal New Escalation of Partisan

Warfare," Heritage Foundation (Dec. 22, 2019); Exhibit 4 ("Adam Schiff's Attack on the Free

Press," THE NATIONAL REVIEW (Dec. 6, 2019).  Any concern of interference with an

investigation by Defendants is, of course, now moot, as the records are now part of the historical

record.  This further weighs in favor of a finding that release of the records is in the public interest.

## V. Conclusion.

For the reasons stated above, Defendants' motion to dismiss should be denied.

Dated:  April 17, 2020

Respectfully submitted,

/s/ *James F. Peterson*
James F. Peterson
D.C. Bar No. 450171
JUDICIAL WATCH, INC.
425 Third Street SW, Suite 800
Washington, DC 20024
Tel:     (202) 646-5175
Email:  jpeterson@judicialwatch.org

*Counsel for Plaintiff*